# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

USDC
DOCUMENT
ELEC...
DOC #: _____
DATE: 7/28/06

NEMOTO & CO., LTD., and UNITED
MINERAL & CHEMICAL CORPORATION,

Plaintiffs,

v.

SUMA INDUSTRIES, INC., FIRECOM, INC.,
WAY2GLO LLC, and DOES 1-10,

Defendants.

Civil Action No.: 06-cv-2034-WHP

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

**WHEREAS,** the Parties to the above-captioned action (the "Action"), Plaintiffs, Nemoto & Co., Ltd., and United Mineral & Chemical Corporation (collectively, "Nemoto"), and Defendant, Way2Glo, LLC ("Way2Glo"), (each of Nemoto and Way2Glo is a "Party"; together they are the "Parties"), may seek discovery or documents, information or other materials which may contain or relate to confidential or proprietary information, such as commercial processes; pre-suit investigation materials, technical drawings, research and development, and testing information; financial data (such as pricing, profit margins, losses); market data and entry information; customer contacts and requirements; supplier or distributor contacts and requirements; or trade secret information of another party or of a third party;

**WHEREAS,** the Parties wish to ensure that such confidential information shall be used only for the purposes of this Action and shall not be disclosed or used in any other way;

**NOW THEREFORE**, the Parties have stipulated and agreed to the terms, and jointly moved this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of the following Protective Order, and the Court having found that, in light of the nature of the competitively sensitive information that may be sought in discovery, good cause exists for the entry of the following Protective Order,

IT IS HEREBY ORDERED that the following Protective Order is entered in this Action:

1. <u>Definitions</u>. **"Confidential Information"** shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatories and interrogatory answers, requests for admissions and/or production and responses thereto, or other information provided in discovery in this Action (**"Discovery Material"**), which contains non-public, confidential or proprietary information, whether personal or business-related. Certain limited types of Confidential Information may be further designated, as defined and detailed below, as "Attorney Eyes Only." **"Attorney Eyes Only Information"** shall be reserved for the following categories: (a) the non-public content of or strategy relating to pending patent applications or drafts of patent applications; (b) trade secrets, know-how or proprietary data, business, financial or commercial information; (c) financial information that is not otherwise publicly available; and (d) information relating to unreleased products or products in development. The Party making the "Confidential" or "Attorney Eyes Only" designations on Discovery Material (**"Designating Party"**) shall do so in good faith at the time of disclosure, production, or tender to the Party receiving the same (**"Receiving Party"**), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a Party may so designate such Discovery Material after such inadvertent failure subject to the protections of this Protective Order. Designations of

2

"Confidential" or "Attorney Eyes Only" shall constitute a representation that an attorney for the Designating Party has reviewed such Discovery Material and that there is a valid and good faith basis for such designation.

2. Manner of Designation of Discovery Material. The designation of Discovery Material in the form of documents, interrogatories and interrogatory answers, requests for admissions and/or production and responses thereto, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony, as "Confidential" or "Attorney Eyes Only" shall be made by the Designating Party in the following manner:

    a. Documents designated "Confidential" shall be so marked by conspicuously affixing the legend **"CONFIDENTIAL"** or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Where such designated Discovery Material is identified by production number, and to the extent practical, the Confidential legend shall be placed near the production number.

    b. Documents designated "Attorney Eyes Only" shall be so marked by conspicuously affixing the legend **"ATTORNEY EYES ONLY"** or similar designation on each page containing any Attorney Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Where such designated Discovery Material is identified by production number, and to the extent practical, the Attorney Eyes Only legend shall be placed near the production number.

    c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

d.  Only Discovery Material that the Designating Party shall in good faith deem confidential shall be so designated, but an entire document or materials may be designated as "Confidential" or "Attorney Eyes Only" if any part of it contains, respectively, Confidential Information or Attorney Eyes Only Information, unless the Designating Party elects to designate only portions of the document or material as "Confidential" or "Attorney Eyes Only." The attorneys of record for such Designating Party shall be deemed to have certified that such counsel believes that the designation has been made in good faith.

3.  Exclusion from Discovery Materials. Confidential Information and Attorney Eyes Only Information shall not include any Discovery Materials which:

a.  Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the Parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party, may continue to use such documents in the course of its business subject to those agreements; or

b.  Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own documents or information.

4.  Access to Confidential Information. Subject to paragraphs 5 and 6 of this Protective Order, "Qualified Persons" in this Action having access to Discovery Material designated "Confidential" under this Protective Order are:

a. LEVI & GRANDINETTI, and its stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such materials;

b. OSTROLENK, FABER, GERB & SOFFEN, LLP, and its stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such materials

c. KELLEY DRYE WARREN LLP, and its stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such materials.

d. Employees or officers of each of the Parties who have responsibility for maintaining, defending or evaluating this litigation or otherwise assisting trial counsel.

e. Retained independent consultants, litigation-support vendors or experts for Plaintiffs or Defendant (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such material(s)) who are not current employees of any Party to this litigation, or an employee or consultant for any direct competitor of any Party to this litigation, and who have complied with the provisions of paragraph 6 herein;

f. Stenographic and video reporters engaged to record the present Action;

g. Outside document copying services and/or document coding or computerization services ("Vendors"). Notwithstanding any other provision of this Protective Order, access to documents containing Confidential Information or Attorney Eyes Only Information shall be permitted to Vendors. For purposes of this paragraph 4(g), "document" refers to paper documents, videotapes, CD-ROMs computer discs, and other similar media. The Party providing documents containing Confidential Information or Attorney Eyes Only Information to Vendors shall be responsible for that service's compliance with the provisions of this Protective Order; and

h. This Honorable Court and its personnel.

5.  <u>Restricted Access to Attorney Eyes Only Information</u>. There shall be no access by Qualified Persons defined in paragraph 4(d) of this Protective Order to Attorney Eyes Only Information.

6.  <u>Procedure for Access to Confidential Discovery Materials by Qualified Persons</u>. Qualified Persons defined in paragraphs 4(d) and 4(e) shall be allowed access to Confidential Information or Attorney Eyes Only Information, as limited by paragraphs 4 and 5 of this Protective Order, only after complying with the following procedure:

   a.  Each Party shall prepare a letter of identification setting forth the name of the person, his or her occupation, and business address, for each person described in paragraphs 4(d) and 4(e) who reviews or is given access to Confidential Information or Attorney Eyes Only Information. The Parties to this Action shall be allowed to disclose Confidential Information or Attorney Eyes Only Information to such persons (subject to the restrictions of paragraphs 4 and 5 of this Protective Order) unless, within five (5) business days after the identity of the person (and, for paragraph 4(e), a curriculum vitae of the retained person) has been provided to the Designating Party, the Designating Party objects in writing, to the disclosure of Confidential Information or Attorney Eyes Only Information to the particular person. If an objection to disclosure is made within the five (5) business days, the objecting Party shall, no later than three (3) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting Party shall have the burden of persuasion that disclosure should not be made. If a written objection and petition are made, no Confidential Information or Attorney Eyes Only Information shall be made available to that person until after the Court rules that disclosure can be made.

b.     Before receiving any Attorney Eyes Only Information the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order. Qualified Persons authorized to receive Confidential Information shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms. Notwithstanding anything in this paragraph 6, no Party may seek discovery from, or take the deposition of any retained consultant, litigation-support vendor, or expert identified pursuant to this paragraph 6 unless such person is identified as a testifying witness by the Designating Party and such person makes the disclosures required by Rule 26(b)(4) of the Federal Rules of Civil Procedure.

c.     Outside counsel for each Receiving Party shall retain a copy of each such identification letter and acknowledgment form (Exhibit A), and shall serve opposing counsel with a copy of such list and thereafter upon any revision of such documents.

7.     Use of Confidential Discovery Materials. Confidential Information and Attorney Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the Parties, other than as permitted by paragraphs 4-6 of this Protective Order. Confidential Information or Attorney Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

7

8. <u>Storage and Custody of Confidential Discovery Materials</u>. Any person in possession of Confidential Information or Attorney Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Attorney Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

9. <u>Unauthorized Disclosure of Confidential Discovery Materials</u>. If Confidential Information or Attorney Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for or having knowledge of such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Attorney Eyes Only Information, make every reasonable effort to retrieve such Confidential Information or Attorney Eyes Only Information, and to prevent further disclosure.

10. <u>Discussion of Confidential Discovery Materials</u>. When Confidential Information or Attorney Eyes Only Information is discussed, quoted or referred to in any deposition, the Designating Party shall ensure that only persons permitted under paragraphs 4-6 of this Protective Order to have access to such Confidential Information or Attorney Eyes Only Information are present. Nothing in this Protective Order shall limit or restrict any Party's right to inquire about or show Confidential Information or Attorney Eyes Only Information to a deponent that is an officer, director, employee, or agent of the party or non-party that produced the Confidential Information or Attorney Eyes Only Information. In any other deposition, the witness may be examined about or shown a document or thing containing designated Confidential Information or Attorney Eyes Only Information with the consent of the Party

producing the same (which consent shall not be unreasonably withheld), or if it appears from the face of the document that the witness authored or received a copy of it.

11. <u>Use of Confidential Discovery Material in Court</u>. The use of any such Confidential Information or Attorney Eyes Only Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise. Nothing herein shall be deemed to limit the disclosure of Confidential Information or Attorney Eyes Only Information during (i) the trial of this Action or (ii) after the trial of this Action or with regard to Confidential Information or Attorney Eyes Only Information that is introduced at the trial of this Action, provided, however, that nothing herein shall prevent the Parties at the trial of this Action from moving the Court, on a case-by-case basis, for a protective order protecting from disclosure specifically identified information that is sought to be introduced at trial, and once the Court makes a specific finding of good cause for protecting such specific information from disclosure.

12. <u>Use of Confidential Discovery Materials for Depositions</u>. During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information or Attorney Eyes Only Information from another Party's documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of Confidential Information or Attorney Eyes Only Information during a deposition shall be subject to compliance with this Order.

13. <u>Marking of Deposition Transcripts</u>. Any deposition transcript containing Confidential Information or Attorney Eyes Only Information shall be marked on the cover, as appropriate, and shall indicate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested prior to the deposition (where

9

the attorneys have reason to believe the testimony will contain Confidential Information or Attorney Eyes Only Information) or at the time the Confidential Information or Attorney Eyes Only Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing Confidential Information or Attorney Eyes Only Information and separately bind it from the non-confidential portions. However, a Party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Attorney Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other Parties in writing, and with page and line designations, within thirty (30) days after receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Attorney Eyes Only Information. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated "Confidential" or "Attorney Eyes Only," whichever protection is being sought, until this Court rules otherwise.

14. Filing Confidential Discovery Materials Under Seal. Any Party seeking to file any pleading, paper, or other document in this Action which contains or discloses Confidential Information or Attorney Eyes Only Information shall first obtain leave of Court before filing any such document pursuant to § 5-B of the Individual Practices of Judge William H. Pauley III. Any information permitted to be filed under seal by the Court shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings which contain Confidential Information or Attorney Eyes Only Information, the Party so filing shall designate the following on the first page of filed documents **"UNDER SEAL -- SUBJECT TO PROTECTIVE ORDER -- CONTAINS CONFIDENTIAL/**

**ATTORNEY EYES ONLY INFORMATION"** and shall otherwise comply with this Court's Standing Order No. M-10-468 concerning sealed documents.

15. Production and Receipt of Confidential Discovery Materials Limitations.

Entering into, agreeing to and/or producing or receiving Confidential Information or Attorney Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any Party that any Discovery Material designated as Confidential Information or Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b. Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission to any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information or Attorney Eyes Only Information;

    c. Prejudice in any way the rights of any Party to object to the authenticity or admissibility in evidence of any document, testimony or the evidence subject to this Order;

    d. Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material or Confidential Information or Attorney Eyes Only Information should be subject to the terms of the Protective Order;

    e. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Attorney Eyes Only Information;

f. Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Information or Attorney Eyes Only Information more broadly than would otherwise be permitted by the terms of this Order; or

g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential Information or Attorney Eyes Only Information by that Party.

16. No Waiver. The signing of this Protective Order or failure of a Party, at the time it receives Discovery Materials designated as "Confidential" or "Attorney Eyes Only," to challenge or object to the "Confidential" or "Attorney Eyes Only" designations shall not be deemed a waiver of its right to challenge or object to the designation at any later time. Any Party may at any time challenge the designation of any Discovery Materials as "Confidential" or "Attorney Eyes Only" and may request permission to use or disclose Confidential Information or Attorney Eyes Only Information other than as permitted, pursuant to this paragraph by serving (by facsimile and email transmission) a written request upon counsel for the Designating Party at least three (3) business days before the date of the proposed disclosure. Such request shall specifically identify the Confidential Information or Attorney Eyes Only Information sought to be disclosed including Bates label where applicable, and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within two (2) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, and the Parties are subsequently unable to agree on the terms and conditions of disclosure, the Party seeking disclosure may submit the matter to the Court for resolution. Disclosure shall be postponed until a ruling has been obtained from the Court.

17. **Burden of Establishing Protection.** Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the Party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

18. **Continuing Force of Order.** All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the Parties and all persons who have received information under this Protective Order, after the conclusion of this Action, including all appeals, unless the Parties agree otherwise in writing. Any and all original and copies of Discovery Materials designated "Confidential" or "Attorney Eyes Only" shall, at the request of the Designating Party, be returned to the Party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the Designating Party or the Receiving Party, destroyed in that time frame, except that outside counsel for each Party may maintain in its files one copy of each pleading filed with the Court, written discovery responses served on the Parties, each expert report together with its exhibits, each deposition transcript together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting work product which were internally generated based upon or which include Confidential Information or Attorney Eyes Only Information. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information or Attorney Eyes Only Information to another Party absent subpoena or court order. Upon receipt of any subpoena for such information, the Party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned or destroyed at

the request of the Designating Party or the Receiving Party, the other Party or its outside counsel shall certify in writing that all such documents have been returned or destroyed.

19. Inadvertent Disclosure or Production. The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing Party shall immediately notify receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereto shall be kept by counsel for the receiving Party and counsel shall not use such information for any purpose until further Order of the Court. The producing Party may then move the court for an Order compelling return of the material. Any analyses, memoranda, or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

20. Violation of Protective Order. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief sanctions, contempt of court, or such other or additional relief as deemed appropriate by the Court.

21. Effective Date. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it had been "So Ordered."

22. <u>Third Party Production</u>. Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by any such person or entity shall be treated by the Parties in conformance with this Protective Order and shall be afforded the same protection of this Protective Order. Such third parties shall be permitted to seek relief from this Court for the limited purpose of enforcing the terms of this Protective Order.

23. <u>Challenge to Protective Order</u>. Any Party or interested member of the public may challenge the protection of particular documents or information by filing a motion with the Court specifying the reasons why the Party's or member of the public's interest in accessing such documents or information outweigh the Designating Party's interest in maintaining the confidentiality of the Confidential Information or Attorney Eyes Only Information.

IT IS SO STIPULATED.

Date: July 11, 2006

*[signature]*

Paul Grandinetti (PG6974)
Cameron S. Reuber (CR7001)
Peter T. Ewald (PE3447)
LEVY & GRANDINETTI
Suite 408
1725 K Street, N.W.
Washington, D. C. 20006-1419
Telephone (202) 429-4560
Facsimile (202) 429-4564

Douglas Q. Hahn (DH3032)
Max Moskowitz (MM5866)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone (212) 382-0700
Facsimile (212) 382-0888

**Attorneys for Plaintiffs**

Date: July 11, 2006

*[signature]*

Steven J. Moore (SM 6195)
Paul W. Garrity (PG 3492)
Anthony L. Meola (AM 7101)
KELLEY DRYE WARREN LLP
101 Park Avenue
New York, New York 10178

Telephone (212) 808-7800

**Attorneys for Defendant**

IT IS SO ORDERED.

Dated this 26th day of July 2006.

*[signature]*

William H. Pauley III
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEMOTO & CO., LTD., and UNITED
MINERAL & CHEMICAL CORPORATION,

    Plaintiffs,

v.

SUMA INDUSTRIES, INC., FIRECOM, INC.,
WAY2GLO LLC, and DOES 1-10,

    Defendants.

Civil Action No.: 06-CV-2034-WHP

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

I certify (1) my understanding that Discovery Materials and/or Confidential Information and/or Attorney Eyes Only Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Southern District of New York (the "District Court") in this Action, and (2) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

_____      _____
Date                                        Signature

             Printed Name and Address: _____

                                                _____

**EXHIBIT A**